# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CANDI BOCOOK, :

                Plaintiff,

-vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,
                Defendant. :

Case No. 3:08-cv-309

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Commissioner's Motion to Enter Judgment Reversing the Commissioner's Decision with Remand to the Agency. (Doc. 9). Plaintiff opposes the Commissioner's Motion, (Doc. 10), and the matter is ripe for Report and Recommendations.

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying her applications for disability insurance benefits (SSD) and supplemental security benefits (SSI). (Doc. 1). After the Commissioner filed his Answer and a certified copy of the administrative record, Plaintiff filed her Statement of Issues. (Doc. 5, 6). The Commissioner's present Motion followed.

The Commissioner has moved the Court for an entry of judgment reversing his decision that Plaintiff is not disabled and therefore not entitled to benefits under the Act. The

Commissioner acknowledges that his decision that Plaintiff is not disabled is not supported by substantial evidence. The Commissioner first notes that with respect to Plaintiff's alleged mental impairment, Administrative Law Judge Thaddeus Armstead relied on the opinions of the examining and reviewing mental health experts. The Commissioner recognizes that this was error because each of the examining and reviewing mental health experts gave his opinion prior to the time when Plaintiff began receiving mental health treatment from Dr. Veveris. However, the Commissioner argues that not all factual issues have been resolved and the record does not adequately establish Plaintiff's entitlement to benefits and therefore the Court should remand the matter for further administrative proceedings. In opposition, Plaintiff essentially argues that Dr. Veveris' opinion that Plaintiff is disabled is entitled to controlling weight and therefore, the Commissioner's decision should be reversed and benefits awarded.

With respect to Plaintiff's exertional impairments, the Commissioner notes that Judge Armstead improperly relied on the medical advisor's (MA) opinion in determining that Plaintiff is not disabled. Specifically, the Commissioner acknowledges that at the time the MA testified, he was not properly licensed by the State Medical Board of Ohio to perform patient chart review or provide expert testimony at Social Security Administration hearings. However, the Commissioner's position is that even without the MA's opinion, an outright award of benefits would not be appropriate because there are unresolved factual issues with respect to Plaintiff's residual functional capacity. In contrast, Plaintiff argues that all of the factual issues have been resolved and the record adequately establishes her entitlement to benefits. Specifically, Plaintiff's position is that the records from treating physician Dr. Reddy, a pain management specialist, establish that she is disabled by her exertional impairments.

2

If the Commissioner's decision is not supported by substantial evidence, the Court must decide whether to remand the matter for rehearing or to reverse and order benefits granted. The Court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g). If a court determines that substantial evidence does not support the Commissioner's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Faucher v. Secretary of Health and Human Services,* 17 F.3d 171, 176 (6th Cir. 1994) (citations omitted); *see also, Newkirk v. Shalala,* 25 F.3d 316 (6th Cir. 1994).

The fourth sentence of 42 U.S.C. Sec. 405(g) directs the entry of a final appealable judgment even though that judgment may be accompanied by a remand order. *Sullivan v. Finkelstein,* 496 U.S. 617 (1990). The fourth sentence does not require the district court to choose between entering final judgment and remanding; to the contrary, it specifically provides that a district court may enter judgment "with or without remanding the cause for rehearing." *Id.*

The Commissioner concedes that his decision is not supported by substantial evidence and should be reversed. The question, then, is whether the Court should remand for the payment of benefits or for additional administrative proceedings.

In general, the opinions of treating physicians are entitled to controlling weight. *Cruse v. Commissioner of Social Security*, 502 F.3d 532, 540 (6th Cir. 2007), *citing, Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997) (citing 20 C.F.R. § 404.1527(d)(2) (1997)). In other words, greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians. *Rogers v. Commissioner of Social*

3

*Security,* 486 F.3d 234, 242, (6th Cir. 2007), citing *Wilson v. Commissioner of Social Security,* 378 F.3d 541, 544 (6th Cir. 2004). However, while it is true that a treating physician's opinion is to be given greater weight than that of either a one-time examining physician or a non-examining medical advisor, that is only appropriate if the treating physician supplies sufficient medical data to substantiate that opinion. *See, Kirk v. Secretary of Health and Human Services,* 667 F.2d 524 (6th Cir. 1981), *cert. denied,* 461 U.S. 957 (1983); *see also, Bogle v. Sullivan,* 998 F.2d 342 (6th Cir. 1993). A treating physician's broad conclusory formulations regarding the ultimate issue of disability, which must be decided by the Commissioner, are not determinative of the question of whether an individual is under a disability. *Id.* Further, the Commissioner may properly reject a treating physician's opinion if it is not supported by sufficient medical data or if it is inconsistent with the other evidence of record. *Cf., Kirk, supra; see also, Walters, supra.*

The record shows that Dr. Veveris has been Plaintiff's treating psychiatrist since about September, 2006. (Tr. 416-22). On July 12, 2007, Dr. Veveris essentially opined that Plaintiff's impairment satisfied the Listings. (Tr. 528-33). A review of Dr. Veveris' treatment records indicate that Plaintiff saw Dr. Veveris about once every four to six weeks. That review also reveals that the Commissioner may arguably have an adequate basis for rejecting Dr. Veveris' opinion. For example, in addition to the infrequency of Plaintiff's sessions with Dr. Veveris, it is questionable as to whether Dr. Veveris's records contain objective observations or findings which support her conclusion that Plaintiff's impairments satisfy the Listings.

The Court reaches a similar conclusion with respect to Plaintiff's exertional impairments. As noted above, Judge Armstead relied primarily on the MA's opinion in concluding that Plaintiff's residual functional capacity is consistent with performing her past relevant work.

4

However, the transcript contains over 200 pages of office notes and reports from pain specialist Dr. Reddy who had treated Plaintiff since March, 2003. (Tr. 243-408; 423-80). Nevertheless, a review of those records reveals that, as with Dr. Veveris, the Commissioner may have an adequate basis for rejecting Dr. Reddy's suggestion that Plaintiff's abilities to perform work-related activities are restricted. In addition, the Commissioner may have an adequate basis for rejecting Plaintiff's allegations of disabling pain. For example, many of Dr. Reddy's office notes indicate few objective clinical findings. *See, e.g.,* Tr. 252, 254, 267, 305, 313, 326, 423, 435.[1] Again, it is the Commissioner's function to give reasons, if any, for rejecting Plaintiff's treating physicians' opinion as well as Plaintiff's complaints of disabling pain.

Accordingly, this Court concludes that not all of the factual issues have been resolved and therefore, the matter should be remanded to the Commissioner for further administrative proceedings.

It is therefore recommended that judgment be entered in favor of Plaintiff and against the Commissioner reversing the Commissioner's decision that Plaintiff is not disabled and remanding this case to the Commissioner for any further administrative proceedings necessary for a determination of whether Plaintiff is disabled.

April 6, 2009.

*s/ Michael R. Merz*
United States Magistrate Judge

---

[1] The Court's reference to these pages in the transcript is not an indication that those are the only office notes that contain few objective findings or that no other office notes contain objective findings.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (c), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).