# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

CANDI BOCOOK,                             :

            Plaintiff,                                  Case No. 3:08-cv-309

    -vs-                                                District Judge Walter Herbert Rice
                                                            Magistrate Judge Michael R. Merz
MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

            Defendant.               :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Motion for Award of Attorney Fees Under the Social Security Act, 42 U.S.C. § 406(b).  (Doc. 17). The Commissioner had filed a Response … in which he has stated that he does not oppose Plaintiff attorney's request for attorney fees.  (Doc. 18).

Plaintiff has moved the Court for the allowance of attorney fees in the amount of Eleven Thousand Three Hundred Forty Six Dollars and Fifty Cents ($11,346.50)[1]. Plaintiff represents that this amount represents 25% of her past due benefits minus Three Thousand Seven Hundred Ninety Dollars ($3,790.00) previously awarded to counsel under the Equal Access to Justice Act, 28 U.S.C. § 2412. See Doc. 16.

In support of her present Motion, Plaintiff has submitted a copy of the fee agreement she

---

[1] It appears that Plaintiff has made a mathematical or typographical error and that this figure should be $11,346.00 because $15,136.00 minus $3,790.00 equals $11,346.00.  Accordingly, the Court will use the corrected figure of $11,346.00.

1

entered into with her counsel pursuant to which Plaintiff agreed to pay counsel 25% of past-due benefits. PageID 87. In addition, Plaintiff has submitted a copy of the award letter from the Commissioner advising Plaintiff that the agency had withheld $15,136.00 from Plaintiff's past due benefits for the payment of attorney fees which amount represented 25% of Plaintiff's past due benefits. PageID 90-95. Finally, Plaintiff has submitted counsel's Affidavit … in Support… which reflects, *inter alia,* that counsel spent 20.50 hours pursuing this matter on Plaintiff's behalf.2 PageID 96.

Section 206(b) of the Social Security Act, 42 U.S.C. §406(b), authorizes courts to award attorney fees after the successful prosecution of social security disability appeals. However, such fees may not exceed 25% of the past-due benefits which the claimant receives as a result of the appeal. *Id.*

The statutory limit on attorney fees arose, in part, as a response to the inordinately large fees charged by attorneys, which sometimes consisted of one-third to one-half of the claimant's past due benefits. *Gisbrecht v. Barnhart,* 535 U.S. 789, 804 (2002). In determining an award of attorney fees under the Social Security Act pursuant to a contingent fee agreement, the court must look at the contingent fee agreement and test it for reasonableness. *Id.* at 808. Of course, contingent fee agreements are unenforceable to the extent that they provide for fees in excess of the statutory limit of 25% of past due benefits. *Id.* at 807, citing 42 U.S.C. § 406(b)(1)(A). Within the 25% boundary, the attorney for the successful claimant must show, and the court must affirmatively find, that the fee sought is reasonable for the services rendered. *Gisbrecht,* 535 U.S. at 807. Section 406(b) "does not displace contingent-fee agreements" but rather "calls for the

---

2 Counsel's affidavit indicates that she has spent 21.50 hours on Plaintiff's behalf in this matter. However, Plaintiff points out that 1.0 of that time was for preparation of an EAJA fee petition and counsel does not now seek payment for that time.

court to review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

In the Sixth Circuit, there several leading cases on the award of attorney fees in successful social security appeals.

In *Webb v. Richardson,* 472 F.2d 529 (6th Cir. 1972), *overruled on other grounds, Horenstein v. Secretary of Health and Human Services,* 35 F.3d 261 (6th Cir. 1994), the court expressed its concern that delay in the judicial processing of social security appeals would inflate awards of fees because the mere passage of time would increase the past due benefits from which the fee award would be made.³ Therefore, *Webb* limited the length of time that could be used to compute the amount of past-due benefits which would be subject to the award of attorney fees. The court held that "[i]n no event should the fee exceed 25% of the past-due benefits that would have been due if judgment had been rendered within three months [of the case being at issue]." *Webb,* 472 F.2d at 538. The Sixth Circuit reaffirmed the temporal limitation of *Webb* in *Dearing v. Secretary of Health and Human Services,* 815 F.2d 1082 (6th Cir. 1987).

In *Rodriquez v. Bowen,* 865 F.2d 739 (6th Cir. 1989), the court addressed the question of contingent fee agreements in social security appeals. The court held that a 25% fee agreement "should be given the weight ordinarily accorded a rebuttable presumption." *Id.* at 746. In addition, the *Rodriquez* court stated:

> Deductions generally should fall into two categories: (1) those occasioned by improper conduct or ineffectiveness of counsel; and (2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from

---

³ In *Webb,* the Sixth Circuit also adopted the single forum rule. However, the Court abandoned that rule in *Horenstein.*

3

    minimal effort expended.

*Id.*

  In *Royzer v. Secretary of Health and Human Services,* 900 F.2d 981 (6th Cir. 1990), the court applied *Rodriquez* in a situation where the district court had reduced a request for attorney fees in a case where there was a contingent fee agreement solely because the fee agreement would have resulted in what the district court perceived as a higher than normal hourly rate.  In rejecting the district court's approach, the *Royzer* court said:

> Although [counsel] did not bill on an hourly basis, the district court computed his hourly rate by dividing the hours worked into the amount of the requested fee.  The result was an hourly rate of $151.51.  We tend to agree with the trial judge that, viewed as an hourly rate billing, this is on the high side;  however, this is not an hourly rate billing.  It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge computed it here.  In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time.  The hourly rate in the next contingent fee case will be zero, unless benefits are awarded.  Contingent fees generally overcompensate in some cases and under compensate in others.  It is the nature of the beast.

*Id.* at 982.  The *Royzer* court did not reject the idea that a district judge could never reduce a contingent fee agreement to an hourly rate as part of the calculation of an appropriate fee.  However, the court did stress that if there is to be a reduction in a contingent fee request, it must be in accordance with the standards set forth in *Rodriquez.*

  In *Hayes v. Secretary of Health and Human Services,* 923 F.2d 418 (6th Cir. 1990), the court elaborated on *Royzer.*  The *Hayes* court said that "under *Rodriquez*, a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee

4

permitted by the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422. In other words, in a contingent fee case, unless and until the hypothetical hourly rate exceeds twice the standard rate, a court may not conclude that the requested fee is a windfall. *Id.* The *Hayes* court also said that it was not limiting the discretion vested in the district courts to make deductions for improper attorney conduct or ineffectiveness of counsel. *Id.*

With these principles in mind, the Court turns to the present Motion.

The Court notes that there is no evidence in the record, nor are there any allegations of improper attorney conduct in this matter. In addition, the Report and Recommendations was issued within fewer than thirty (30) days of the matter being at issue and Judge Rice's Order Adopting that Report and reversing and remanding the matter was issued in fewer than thirty (30) days of the Report. See Doc.11, 12, 13. However, based on the following mathematical computations, the Court does conclude that a fee of $11,346.50 would result in a windfall.

As reflected by the Commissioner's award letter, counsel's currently requested fee of $11,346.00 represents less than 25% of Plaintiff's past due benefits and counsel's affidavit indicates that counsel spent 20.50 hours representing Plaintiff in this matter. Counsel's currently requested fee of $11,346.00 for 20.50 hours equals an hourly rate of $553.46. Using Plaintiff's counsel's non-contingent fee case hourly rate of $165.00 and multiplying the number of hours counsel expended, the resulting product is $3,382.50 and counsel's currently requested fee is almost three and one-half times that product. Pursuant to *Hayes,* the requested fee would be a windfall and this Court so finds.

Having concluded that Plaintiff's counsel's requested fee of $11,346.50 would result in a windfall, this Court turns to the question of what fee would be an appropriate fee in this matter.

5

As noted, Plaintiff's hourly rate for non-contingency fee matters is $165.00. In keeping with *Hayes,* twice that amount is $330.00. When $330.00 is multiplied by 20.50, the number of counsel's hours, the product is $6,765.00. The Court finds that a fee in the amount of $6,765.00 is reasonable.

Finally, the Court addresses the issue of Plaintiff's counsel's previous award of EAJA fees vis-à-vis an award of fees pursuant to the Social Security Act.

An award of fees may be made under both the Social Security Act and the EAJA in a Social Security disability action. See *Astrue v. Ratliff,* ___ U.S. ___, 130 S.Ct. 2521, 2528 (2010). In those cases, attorneys and their clients must follow certain procedures to prevent the windfall of an unauthorized double recovery of fees for the same work. *Id.* However, no violation of law occurs "if, where the claimant's attorney receives fees for the same work under both [42 U.S.C. § 406(b) and 28 U.S.C. § 2412(d)], the claimant's attorney refunds to the claimant the amount of the smaller fee." *Id.*

A comparison of Plaintiff's counsel's affidavit that she submitted in support of her Application for Fees and Expenses Pursuant to the Equal Access to Justice Act is exactly the same as the one that she has submitted in support of her present Motion. Compare PageID 72, with PageID 96. Plaintiff's counsel does not now seek fees for any additional hours since the time she filed her EAJA Application. In other words, Plaintiff's counsel has already been awarded fees pursuant to the EAJA for the *exact* same work for which she seeks fees pursuant to the Social Security Act. Accordingly, Plaintiff's counsel is reminded of her obligation to refund to her client the amount of the smaller fee.

It is therefore recommended that Plaintiff's Motion for Award of Attorney Fees Under the

Social Security Act, 42 U.S.C. § 406(b), (Doc. 17), be granted to the extent that Plaintiff be awarded fees in the amount of $6,765.00.

July 16, 2012                                             s/Michael R. Merz
                                                             United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).