IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CANDI BOCOOK,

      Plaintiff,

        v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

:

:    Case No. 3:08-cv-309

     JUDGE WALTER H. RICE

:

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN
PART UNITED STATES MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (DOC. #19); SUSTAINING PLAINTIFF'S
OBJECTIONS THERETO (DOC. #20); SUSTAINING PLAINTIFF'S
MOTION FOR AWARD OF ATTORNEY FEES UNDER THE SOCIAL
SECURITY ACT, 42 U.S.C. § 406(B) (DOC. #17); AWARDING
PLAINTIFF $11,346.00 IN ATTORNEY FEES

---

After this Court reversed the Commissioner's finding that Plaintiff Candi

Bocook was not disabled, and remanded the case for further administrative

proceedings, Plaintiff filed a Motion for Award of Attorney Fees Under the Social

Security Act, 42 U.S.C. § 406(b).  Doc. #17.  Plaintiff had entered into a

contingent fee contract, whereby Plaintiff agreed to pay her attorney 25% of any

past-due disability benefits awarded.  In accordance with that contract, Plaintiff's

counsel has requested a fee award in the amount of $11,346.00 for 20.5 hours of work.[1]  Defendant does not oppose Plaintiff's motion.

On July 16, 2012, United States Magistrate Judge Michael Merz issued a Report and Recommendations, Doc. #19, recommending that the Court grant Plaintiff's motion, but reduce the award to $6,765.00.  He noted that, by law, attorney fees may not exceed 25% of the total amount of past-due benefits.  42 U.S.C. § 406(a)(2)(A)(ii)(I).  Within that boundary, the Court may award a reasonable fee for services rendered.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  A 25% contingent fee agreement "should be given the weight ordinarily accorded a rebuttable presumption."  *Rodriguez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989).  The fee award may be reduced if the Court finds: (1) "improper conduct or ineffectiveness of counsel;" or (2) "situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended."  *Id.*

It is improper to reduce the fee request simply because the contingent fee agreement results in a higher than normal hourly rate when the amount of the fee permitted by the contract is divided by the number of hours spent on the claim. As the Sixth Circuit has explained:

------

[1]  Although 25% of the total benefits awarded would equal $15,136.00, Plaintiff's attorney has subtracted $3,790.00 for fees previously awarded under the Equal Access to Justice Act ("EAJA").  As the Magistrate Judge noted, Plaintiff's initial calculation of $11,346.50 appears to be a mathematical or typographical error.  The correct net sum is $11,346.00.

> It is not at all unusual for contingent fees to translate into large hourly rates . . . In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990). The computed hourly rate is, however, one factor that may be considered in arriving at an appropriate fee. *Id.*

The Sixth Circuit has held that the requested fee can never constitute a "windfall" unless and until the hypothetical hourly rate exceeds "twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990).  If the calculated hourly rate exceeds this amount, the court can then consider "arguments designed to rebut the presumed reasonableness of the attorney's fee," including "what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case." *Id.*

Applying these principles, the Magistrate Judge concluded that the requested fee of $11,346.00 for 20.5 hours of work would be a windfall because it resulted in a hypothetical hourly fee of $553.46, more than three-and-one-half times Plaintiff's counsel's normal hourly rate of $165.00.  The Magistrate Judge determined that a reasonable fee would be $6,765.00.  He arrived at this figure by doubling the normal hourly rate of $165.00, in accordance with *Hayes*, and then multiplying that new hourly rate of $330.00 by 20.5 hours.

3

Plaintiff's counsel has filed timely Objections to the Report and Recommendations. Doc. #20. She notes that her client's benefit award was not inordinately large, and that more than minimal effort was expended in achieving the award. She maintains that, under the circumstances presented here, the requested fees should not be deemed a windfall.

Based on a thorough *de novo* review of this Court's file and the applicable law, the Court SUSTAINS Plaintiff's Objections, Doc. # 20, and REJECTS the Magistrate Judge's Report and Recommendations, Doc. #19, to the extent he recommends reducing the fee award to $6,765.00.

Although it is subject to closer scrutiny, a fee request is not *per se* unreasonable just because it equates to an hourly rate three-and-one-half times greater than Plaintiff's counsel's normal hourly rate. As the court held in *Rodriguez*, there is a rebuttable presumption that a 25% contingent fee agreement is reasonable. 865 F.2d at 746.

In this case, the Court finds no reason to reduce the agreed-upon fees. Plaintiff voluntarily entered into the contingent fee contract, and Plaintiff's counsel assumed the risk that, if unsuccessful, she would not be paid for her services. There is no evidence of improper attorney conduct, delay, or ineffective assistance of counsel. Although the computed hourly fee is more than three times the rate regularly billed by Plaintiff's counsel, it does not constitute a "windfall." Notably, none of the 20.5 hours billed involved clerical or paralegal time. Even though the case was not exceedingly complicated, it did require more than minimal effort, and

4

Plaintiff's counsel was able to secure a significant, although not "inordinately large," award of past due benefits for her client.

This Court has sustained similar attorney fee requests in similar cases. *See, e.g.,* *Wright v. Astrue*, No. 3:09-cv-115, 2012 WL 2700393 (S.D. Ohio July 6, 2012) (recommending approval of contingency fee award of $15,000 for 27.8 attorney hours, a computed hourly rate of $539.57); *Pencil v. Astrue*, No. 3:10-cv-394, 2012 WL 4364273 (S.D. Ohio Sept. 24, 2012) (approving contingency fee award of $11,745.98 for 21.5 hours of work, a computed hourly rate of $546.32); *Burney v. Astrue*, No. 3:07-cv-419, 2011 WL 1659385 (S.D. Ohio April 14, 2011) (recommending approval of contingency fee award of $15,360 for 23.75 hours of work, a computed hourly rate of $646.74); *Thacker v. Astrue*, No. 3:08-cv-135, 2011 WL 1740635 (S.D. Ohio April 11, 2011) (recommending approval of contingency fee award of $13,650 for 22 hours of work, a computed hourly rate of $620.00).

The Court concludes that the requested fee in this case is reasonable. The Court therefore SUSTAINS Plaintiff's Motion for Award of Attorney Fees Under the Social Security Act, 42 U.S.C. § 406(b), Doc. #17, and awards $11,346.00 in attorney fees.

Date: March 12, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE